L. Eric Dowell, SBN 011458
Alexandra J. Gill, SBN 027506
Ogletree, Deakins, Nash, Smoak & Stewart, P.C., SBN 00504800
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Telephone:  (602) 778-3700
Fax:  (602) 778-3750
Eric.Dowell@OgletreeDeakins.com
Alexandra.Gill@OgletreeDeakins.com

*Attorneys for Defendant Yelp Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| JOSEPH SORGE,<br><br>          Plaintiff,<br><br>     vs.<br><br>YELP, INC.,<br><br>          Defendant. | No. 2:17-cv-04518-JJT<br><br>**ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant Yelp Inc. ("Defendant") hereby answers Plaintiff Joseph Sorge's ("Plaintiff") Complaint ("Complaint") as follows:

**INTRODUCTION**

1.     Defendant admits that Plaintiff's employment with Defendant was terminated on June 17, 2016.  Defendant denies the remaining allegations in paragraph 1 of the Complaint.

**JURISDICTION AND VENUE**

2.     Defendant admits that Plaintiff purports to invoke the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331.  Defendant denies the remaining allegations in paragraph 2 of the Complaint.

3.     Defendant admits that venue is proper in this District.  Defendant denies the remaining allegations in paragraph 3 of the Complaint.

## THE PARTIES

4.     Defendant lacks sufficient information to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and therefore denies them.

5.     Defendant admits that it is registered as a corporation in the State of Delaware and that it conducts business in Arizona as Yelp Arizona Inc.

## FACTUAL ALLEGATIONS

6.     Defendant admits that yelp.com is a website and mobile app that connects people with local businesses.

7.     Defendant admits that millions of users access yelp.com.

8.     Defendant admits that it offers both free and paid services to users.

9.     Defendant admits that it has more than 500 employees.

10.     Paragraph 10 of the Complaint is a legal conclusion to which no response is required.   To the extent this paragraph requires a response, Defendant denies the allegations in paragraph 10 of the Complaint.

11.     Defendant denies the allegations in paragraph 11 of the Complaint.

12.     Defendant admits that Plaintiff was employed by Defendant.  The remaining allegations consist of a legal conclusion to which no response is required.  To the extent this paragraph requires a further response, Defendant denies the remaining allegations in paragraph 12 of the Complaint.

13.     Defendant admits the allegations in paragraph 13 of the Complaint.

14.     Defendant admits that Plaintiff's manager was Matthew Susa, and that Mr. Susa was employed at Yelp at that time as an Associate Sales Training Manager.

15.     Defendant denies the allegations in paragraph 15 of the Complaint.

16.     Defendant denies the allegations in paragraph 16 of the Complaint.

17.     Defendant denies the allegations in paragraph 17 of the Complaint.

18.     Defendant denies the allegations in paragraph 18 of the Complaint.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

19.     Defendant denies the allegations in paragraph 19 of the Complaint.

20.     Defendant denies the allegations in paragraph 20 of the Complaint.

21.     Defendant admits that on June 17, 2016, a meeting took place involving Plaintiff, Matthew Susa, and a representative from Human Resources.  Defendant denies the remaining allegations in paragraph 21 of the Complaint.

22.     Defendant denies the allegations in paragraph 22 of the Complaint.

23.     Defendant denies the allegations in paragraph 23 of the Complaint.

24.     Defendant denies the allegations in paragraph 24 of the Complaint.

25.     Defendant admits that on June 17, 2016, Plaintiff's employment was terminated.  Defendant denies the remaining allegations in paragraph 25 of the Complaint.

26.     Defendant denies the allegations in paragraph 26 of the Complaint.

27.     Defendant denies the allegations in paragraph 27 of the Complaint.

28.     Defendant denies the allegations in paragraph 28 of the Complaint.

29.     Defendant admits that on June 17, 2016, Plaintiff's employment was terminated.  Defendant denies the remaining allegations in paragraph 29 of the Complaint.

30.     Upon information and belief, Defendant admits that on or about June 21, 2016, Plaintiff filed a Charge of Discrimination with the EEOC, Charge No. 540-2016-02304.  Defendant denies any remaining allegations in paragraph 30 of the Complaint.

31.     Upon information and belief, Defendant admits that on or about September 6, 2017, the EEOC issued a Dismissal and Notice of Rights for Charge No. 540-2016-02304.  Defendant denies any remaining allegations in paragraph 31 of the Complaint.

32.     Paragraph 32 of the Complaint is a legal conclusion to which no response is required.   To the extent this paragraph requires a response, Defendant denies the allegations in paragraph 32 of the Complaint.

**FIRST CAUSE OF ACTION – TITLE VII VIOLATION**

33.     Defendant incorporates by reference herein all the answers, defenses, responses, denials, and averments to all allegations contained within paragraphs 1 through 32 of the Complaint.

34.     Upon information and belief, Defendant admits that Plaintiff is male.  The remaining allegations consist of a legal conclusion to which no response is required.  To the extent this paragraph requires a further response, Defendant denies the remaining allegations in paragraph 34 of the Complaint.

35.     Defendant denies the allegations in paragraph 35 of the Complaint.

36.     Defendant denies the allegations in paragraph 36 of the Complaint.

37.     Defendant denies the allegations in paragraph 37 of the Complaint.

38.     Defendant denies the allegations in paragraph 38 of the Complaint.

39.     Defendant denies the allegations in paragraph 39 of the Complaint.

40.     Defendant denies the allegations in paragraph 40 of the Complaint.

41.     Defendant denies the allegations in paragraph 41 of the Complaint.

**SECOND CAUSE OF ACTION – TITLE VII RETALIATION**

42.     Defendant incorporates by reference herein all the answers, defenses, responses, denials, and averments to all allegations contained within paragraphs 1 through 41 of the Complaint.

43.     Defendant denies the allegations in paragraph 43 of the Complaint.

44.     Defendant denies the allegations in paragraph 44 of the Complaint.

45.     Defendant denies the allegations in paragraph 45 of the Complaint.

46.     Defendant denies the allegations in paragraph 46 of the Complaint.

**PRAYER FOR RELIEF**

47.     Defendant denies that Plaintiff is entitled to any damages or the recovery requested in parts (1) through (8) of the "Prayer for Relief" section of the Complaint.

**GENERAL DENIAL**

Defendant denies all allegations and inferences of the Complaint that are not expressly admitted in this Answer, denies acting unlawfully with respect to Plaintiff, and denies causing recoverable damage to Plaintiff, as alleged in the Complaint or at all.

**AFFIRMATIVE AND OTHER DEFENSES**

1.     Plaintiff's Complaint fails to state a claim upon which relief may be granted.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

2.     To the extent Plaintiff attempts to base his claims on allegations or occurrences that were not administratively exhausted, Plaintiff's claims are barred, in whole or in part.

3.     To the extent Plaintiff attempts to base his claims on allegations or occurrences that fall outside the applicable statutes of limitations, his claims are barred, in whole or in part.

4.     Plaintiff's claims are barred, in whole or in part, because there were and are legitimate, non-discriminatory, and non-retaliatory reasons for each and every employment practice or action taken by Defendant that is alleged to have adversely affected Plaintiff.

5.     Plaintiff's claim for damages for mental, emotional, or physical injuries arising out of his employment with Defendant or the termination thereof are barred in whole or in part because his sole and exclusive remedy for these alleged harms is the Arizona Workers' Compensation Act.

6.     Plaintiff's claims are barred, in whole or in part, to the extent he failed to mitigate any alleged damages.

7.     Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, waiver, estoppel, and/or after acquired evidence.

8.     Plaintiff's claims are barred, in whole or in part, because Defendant's actions regarding Plaintiff were taken in good faith and with a reasonable belief that its actions were lawful and none of Defendant's actions were intentional, reckless, or willful violations of any law.

9.     Plaintiff's claims for punitive damages are barred, in whole or in part, by the Arizona and the United States Constitutions.

10.    Defendant reserves the right to add additional affirmative defenses, allegations, and/or denials consistent with Rule 8 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant prays for relief as follows:

1.     That Plaintiff's Complaint be dismissed in its entirety and with prejudice;

2.     That Plaintiff take nothing by this action and that judgment be entered

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

against Plaintiff and in favor of Defendant;

     3.     That Defendant be awarded all costs and attorneys' fees incurred in defending this action; and

     4.     That Defendant be granted such other and further relief as the Court may deem just and proper.

     RESPECTFULLY SUBMITTED this 16th day of February 2018.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.


By: s/Alexandra J. Gill
    L. Eric Dowell
    Alexandra J. Gill
    2415 East Camelback Road, Suite 800
    Phoenix, Arizona 85016
    *Attorneys for Defendant Yelp Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of February 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to the following CM/ECF registrant:

Joshua W. Carden
Joshua Carden Law Firm, P.C.
16427 North Scottsdale, Road, Suite 410
Scottsdale, Arizona 85254
joshua@cardenlawfirm.com


s/Debra A. Irwin

33009455.1

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016