1  Joshua W. Carden, SBN 021698
2  JOSHUA CARDEN LAW FIRM, P.C.
   16427 North Scottsdale Road, Suite 410
3  Scottsdale, AZ 85254
   joshua@cardenlawfirm.com
4  (480) 454-1100
   (480) 454-1101 (Fax)
5  *Attorney for Plaintiff*

6

7  L. Eric Dowell, SBN 011458
   Alexandra J. Gill, SBN 027506
8  Ogletree, Deakins, Nash, Smoak & Stewart, P.C., SBN 00504800
   2415 East Camelback Road, Suite 800
9  Phoenix, Arizona 85016
   Telephone:  (602) 778-3700
10 Fax:  (602) 778-3750
11 Eric.Dowell@OgletreeDeakins.com
   Alexandra.Gill@OgletreeDeakins.com
12 *Attorneys for Defendant Yelp Inc.*

13

14              IN THE UNITED STATES DISTRICT COURT

15                 FOR THE DISTRICT OF ARIZONA

16 Joseph Sorge,
                                    No. 2:17-CV-04518-JJT
17            Plaintiff,

18 v.                               **JOINT CASE MANAGEMENT
                                    REPORT**
19 Yelp, Inc.,

20            Defendant.

21

22       Come now the parties in the above listed matter and, pursuant to this Court's February 22,

23 2018 Order (Dkt. 10), file this joint case management report in anticipation of the upcoming

24 Scheduling Conference and show the Court as follows:

25       **1. The nature of the case, setting forth in brief statements the factual and legal basis**

26 **of plaintiff's claims and defendant's defenses;**

27 **Plaintiff:**

28       Mr. Sorge worked as an entry-level sales/call-center employee for Yelp, Inc. in June 2016.

1

Early into his employment, he realized that another team's "theme music" (played loudly and unavoidably in the event of every sale) was the song "Straight to the Bank" by rapper "50 Cent" – a song which contains lyrics offensive to, *inter alia*, women and homosexuals. (https://www.azlyrics.com/lyrics/50cent/straighttothebank.html). He complained to his manager regarding the offensive nature of the song on or about June 16, 2016 – his manager told him to "get over it," that the song was "part of the corporate culture," or words to that effect. On June 17, 2016, the manager fired Mr. Sorge in the presence of Human Resources, allegedly for Mr. Sorge's "lack of enthusiastic participation" in a group meeting during the previous day – a meeting that the manager himself did not attend. Mr. Sorge notified the Human Resources representative in the meeting that he was being terminated for reporting the offensive song and that the termination was clearly retaliatory. Human Resources did nothing to stop the termination.

**Defendant:**

This case arises out of Plaintiff's employment with and termination by Defendant Yelp Inc. Plaintiff was employed by Yelp from June 6, 2016 until June 17, 2016 and held the position of Associate Account Executive Trainee. During his brief employment with Yelp, Plaintiff displayed a lack of professionalism, failed to follow Yelp's established sales processes, and refused to comply with straightforward directives from his manager, Matthew Susa. During his first seven days of employment, Mr. Susa was forced to follow up with Plaintiff three separate times regarding his failure to correctly record his daily call metrics. Further, Plaintiff was disrespectful to Mr. Susa and Mr. Susa's manager, Abby Kennedy, when she joined a meeting to discuss Plaintiff's poor performance. Then, during a training session, Plaintiff was inattentive, leaning back in his chair, and put his head on the table rather than pay attention to the presenter.

Later, when leaving Yelp's building and walking past the area where interview candidates typically sit, Plaintiff proceed to tell Yelp's Facilities Coordinator, Randall Meagher, who Plaintiff evidently believed was an interview candidate, to "run while [he] still can." In addition to Mr. Meagher, this event was witnessed by Receptionist Heather Webb and Security Specialist Amber Sutton. Mr. Meagher, Ms. Webb, and Ms. Sutton each provided statements regarding their witnessing of Plaintiff's inappropriate comment.

2

Based upon Plaintiff's unprofessionalism, performance deficiencies, failure to follow directions, and his statement to Mr. Meagher to "run while he still can," Defendant determined that Plaintiff lacked the necessary level of professionalism and good judgment to continue in his role. Accordingly, on June 17, 2016, Defendant terminated Plaintiff's employment.

Defendant denies that it engaged in any unlawful conduct towards Plaintiff and can demonstrate that its employment decisions were based on legitimate, non-discriminatory and non-retaliatory factors. Accordingly, Plaintiff's discrimination and retaliation claims fail as a matter of law. *See McDonnell-Douglas Corp. v. Green*, 411 U.S. 892, 802 (1973); *Hawn v. Executive Jet Mgmt., Inc.*, 546 F. Supp. 2d 703, 715 (D. Ariz. 2008).

**2. A list of the elements of proof necessary for each count of the Complaint and each affirmative defense.**

**Plaintiff:**

**Count One: Title VII – Hostile Work Environment –** Plaintiff has two theories supporting relief:

A. The plaintiff seeks damages from the defendant for a hostile work environment caused by sexual harassment. The plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1. the plaintiff was subjected to a sexually hostile work environment by one or more coworkers; and

2. the defendant or a member of the defendant's management knew or should have known of the harassment and failed to take prompt, effective remedial action reasonably calculated to end the harassment.

Ninth Circuit Model Jury Instructions § 10.7

B. The plaintiff seeks damages against the defendant for a sexually hostile work environment while employed by the defendant. In order to establish a sexually hostile work environment, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. the plaintiff was subjected to verbal conduct of a sexual nature;

2. the conduct was unwelcome;

3. the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create a sexually abusive or hostile work environment;

4. the plaintiff perceived the working environment to be abusive or hostile; and

5. a reasonable man in the plaintiff's circumstances would consider the working environment to be abusive or hostile.

Whether the environment constituted a sexually hostile work environment is determined by looking at the totality of the circumstances, including the frequency of the harassing conduct, the severity of the conduct, whether the conduct was physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interfered with an employee's work performance.

Ninth Circuit Model Jury Instructions § 10.5

**Count Two: Title VII – Retaliation**

The plaintiff seeks damages against the defendant for retaliation. The plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1. the plaintiff:

participated in an activity protected under federal law, that is filing a complaint;

or

opposed an unlawful employment practice, that is the creation of a sexually hostile work environment; and

2. the employer subjected the plaintiff to an adverse employment action, that is, he was terminated; and

3. the plaintiff was subjected to the adverse employment action because of his participation in a protected activity or opposition to an unlawful employment practice.

A plaintiff is "subjected to an adverse employment action" because of his participation in a protected activity or his opposition to an unlawful employment practice if the adverse employment action would not have occurred but for that participation or opposition.

Ninth Circuit Model Jury Instructions § 10.8

4

1 **Defendant:**

2       **A.     Sexual Harassment Under Title VII**

3       To establish a Title VII claim of hostile work environment based on sex, Plaintiff must

4 show that: (1) he was subjected to verbal or physical conduct of a sexual nature; (2) the conduct

5 was unwelcome; and (3) the conduct was sufficiently severe and pervasive as to alter the

6 conditions of his employment and create an abusive work environment. *Fuller v. City of Oakland*,

7 47 F.3d 1522, 1527 (9th Cir. 1995). Plaintiff must demonstrate that the conduct is severe enough

8 to both subjectively and objectively create an abusive environment. *Id.* To make such a

9 determination, the court considers "the frequency of the discriminatory conduct; its severity;

10 whether it is physically threatening or humiliating, or a mere offense utterance; and whether it

11 unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys., Inc.*, 510

12 U.S. 17, 23 (1993).

13       Assuming Plaintiff can meet his burden, Defendant is not liable if: (1) it exercised

14 reasonable care to prevent and correct promptly any sexually harassing behavior; and (2) Plaintiff

15 failed to take advantage of any preventive or corrective opportunities provided by Defendant or

16 to avoid harm. *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998); *Burlington Indus., Inc.*

17 *v. Ellerth*, 524 U.S. 742, 765 (1998).

18       **B.     Retaliation Under Title VII**

19       To establish a prima facie case of retaliation, Plaintiff must prove that: (1) he engaged in

20 protected activity; (2) he suffered an adverse employment action; and (3) there was a causal

21 connection between his protected activity and the adverse employment action. *Surrell v. Cal.*

22 *Water Serv. Co.*, 518 F.3d 1097, 1107-08 (9th Cir. 2008). If Plaintiff is able to establish a prima

23 facie case, the burden of production (but not persuasion) shifts to Defendant to articulate some

24 legitimate, non-retaliatory reason for the challenged action. *Id*. If Defendant does so, the burden

25 shifts to Plaintiff to show that the articulated reason is pretextual either directly by persuading the

26 Court that a retaliatory reason more likely motivated Defendant or indirectly by showing that

27 Defendant's proffered explanation is unworthy of credence. *Texas Dep't of Cmty. Affairs v.*

28 *Burdine*, 450 U.S. 248, 256, 101 S.Ct. 1089 (1981). Plaintiff's evidence of pretext must be both

specific and substantial. *See Stegall v. Citadel Broad. Co.*, 350 F.3d 1061, 1066 (9th Cir. 2003). Finally, Plaintiff bears the ultimate burden to establish that her protected activity was the "but for" cause of the alleged adverse action. *Univ. of Tx. Southwestern Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2545 (2013).

### C.     Affirmative Defenses

#### *Failure to State a Claim*

Defendant is entitled to dismissal of Plaintiff's Complaint if Defendant can demonstrate that it "'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Still v. Michaels*, 791 F. Supp. 248, 250 (D. Ariz. 1992) (quoting *Conley v. Gibson*, 355 U.S. 41, 45 (1957); *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980)).

#### *Failure to Exhaust Administrative Remedies*

Plaintiff's claims may be barred, in whole or in part, by his failure to exhaust administrative remedies and fulfill all conditions precedent to filing suit. *See Karim-Panachi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988). A plaintiff must timely file a discrimination charge with the EEOC or an appropriate state agency and receive a right-to-sue letter. *Id.* (citing 42 U.S.C. § 2000e-5(f)(1); *Wrighten v. Metro. Hosps., Inc.*, 726 F.2d 1346, 1351 n.3 (9th Cir. 1984)). "When a plaintiff fails to raise a Title VII claim before the EEOC, the district court lacks subject-matter jurisdiction to hear it." *Lowe*, 775 F.2d 998,1003 (citing *Shah v. Mt. Zion Hos. & Med. Ctr.*, 642 F.2d 268, 271-72 (9th Cir. 1981)).

#### *Failure to Mitigate/Mitigation of Damages*

Title VII requires Plaintiff to mitigate his damages by "us[ing] reasonable diligence in finding other suitable employment." *Odima v. Westin Tucson Hotel*, 53 F.3d 1484, 1496-97 (9th Cir. 1995) (quoting *Ford Motor Co. v. EEOC*, 458 U.S. 219, 231 (1982)). To prove failure to mitigate, Defendant must show there were other substantially equivalent jobs available that Plaintiff could have obtained, and that Plaintiff failed to use reasonable diligence in seeking one. *Id.* at 1497. Plaintiff's damages are barred to the extent he has failed to take such steps.

*Unclean Hands, Waiver And/Or Estoppel*

Plaintiff's suit may be barred if Plaintiff's conduct impairs Defendant's ability to defend itself against the lawsuit. *Wauchope v. U.S. Dept. of State*, 985 F.2d 1407, 1412 (9th Cir.1993*); TransWorld Airlines, Inc. v. American Coupon Exchange*, Inc., 913 F.2d 676, 696 (9th Cir.1990); *EEOC v. Alioto Fish Co*., 623 F.2d 86, 88-89 (9th Cir.1980).

*Legitimate, Non-discriminatory Reason For All Employment Practices*

Defendant may rebut the presumption of discrimination by producing evidence of a legitimate, non-discriminatory reason for the alleged adverse employment action. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

*Punitive Damages/Good Faith Efforts*

Punitive damages are "an extraordinary remedy" in employment discrimination cases. *Dudley v. Wal-Mart Stores, Inc.*, 166 F.3d 1317, 1322 (11th Cir. 1999). To recover punitive damages, Plaintiff must show that Defendant acted with "*malice or with reckless indifference* to [plaintiff's] federally protected rights." *Kolstad v. American Dental Ass'n*, 527 U.S. 526, 535 (1999) (citations and internal quotations omitted) (emphasis in original). An employer may not be vicariously liable for discriminatory employment decisions of its agents where these decisions are contrary to the employer's "good-faith efforts to comply with Title VII." *Id.* at 545 (citations omitted).

Moreover, Plaintiff's claim for punitive damages is limited or barred, in whole or in part, by the Arizona and United States Constitutions, which prohibit the imposition of grossly excessive or arbitrary punishments. *See State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

**3. The factual and legal issues genuinely in dispute, and whether they can be narrowed by stipulation or motion;**

Whether Plaintiff can make a *prima facie* case that he was subjected to a sexually hostile work environment.

Whether Plaintiff can make a *prima facie* case of retaliation.

Whether Defendant can prove it terminated Plaintiff for a legitimate non-discrimination, non-retaliatory reason.

7

Whether Plaintiff can prove that Defendant's alleged business reason was a pretext.

Whether Plaintiff can rebut Defendant's showing that any alleged adverse employment actions were taken for legitimate, non-discriminatory and non-retaliatory reasons.

Whether Plaintiff is entitled to equitable relief (back pay, front pay, reinstatement, etc.) from the Court, and if so, the amount.

Whether Plaintiff is entitled to seek compensatory damages from the jury.

Whether Plaintiff is entitled to seek punitive damages from the jury.

Whether Plaintiff has properly mitigated his alleged damages.

Whether Defendant is entitled to any affirmative defense to Plaintiff's claims.

**4. The jurisdictional basis of the case, citing specific statutes.**

28 U.S.C. § 1331 – federal question

**5. Parties, if any, that have not been served, as well as parties that have not filed an Answer or otherwise appeared, including fictitious parties.**

None.

**6. The names of parties not subject to the Court's jurisdiction;**

None.

**7. Whether there are dispositive or partially dispositive issues to be decided by pretrial motions, and the legal issues about which any pretrial motions are contemplated;**

Defendant anticipates filing a Motion for Summary Judgment on all issues.

**8. Whether the case is suitable for reference to a United States Magistrate Judge or to a special master;**

The case is not suitable for reference.

**9. The status of related cases pending before other judges of this Court or before other courts;**

None.

**10. Suggested changes, if necessary, in the timing, form, or requirement for disclosures under Rule 26(a), Federal Rules of Civil Procedure, including a statement of when Initial Disclosures were made or will be made;**

None.  MIDP Disclosures were made on March 19, 2018.

**11. Proposed deadlines for:**

**(a) filing motions to amend the Complaint and to join additional parties;**

May 25, 2018

**(b) completion of all fact discovery;**

November 22, 2018

**(c) disclosure of expert testimony by plaintiff under Rule 26(a)(2), Fed. R. Civ. P.;**

July 13, 2018

**(d) disclosure of expert testimony by defendant under Rule 26(a)(2), Fed. R. Civ. P.;**

August 24, 2018

**(e) disclosure of rebuttal expert testimony;**

September 7, 2018

**(f) disclosure of all witnesses, exhibits and other matters under Rule 26(a)(3), Fed. R. Civ. P.;**

October 12, 2018

**(g) closure of all discovery;**

November 22, 2018

**(h) completing good faith discussions of settlement; and**

November 22, 2018

 **(i) filing dispositive motions, including *Daubert* motions.**

January 11, 2019

**12. The scope of discovery, including any suggested changes in the limitations on discovery imposed by the Federal Rules of Civil Procedure, and whether discovery should be conducted in phases or should be limited to or focused upon particular issues.**

The scope will involve depositions of the Plaintiff, Plaintiff's former manager at Yelp, the HR Representative, and likely one or more co-workers, document production related to Defendant's policies and personnel records related to this case and Plaintiff's damages and mitigation efforts.

**13. Estimated length of trial, and any suggestions for shortening the trial;**

Three days

**14. Whether a jury trial has been requested and whether the request for a jury trial is contested. If the request for a jury trial is contested, the Proposed Case Management Plan shall set forth the reasons that a trial by jury is in dispute;**

A jury has been requested and not contested.

**15. The prospects for settlement, including any request to have a settlement conference before another United States District Court Judge or Magistrate Judge, or any other request of the Court for assistance in settlement efforts;**

The parties do not request a referral at this time, but may jointly make the request as initial discovery efforts are completed.

**16. In class actions, the proposed dates for class certification proceedings and other class management issues. Such certification will result in the case being reassigned to the complex track for case management purposes;**

Not applicable.

**17. Whether any unusual, difficult, or complex problems or issues exist that would require this case to be placed on the complex track for case management purposes; and**

None.

**18. Any other matters that counsel believe will aid the Court in resolving this dispute in a just, speedy, and inexpensive manner.**

None at this time.


Respectfully submitted this 2nd day of April, 2018,


JOSHUA CARDEN LAW FIRM, P.C.

By: s/Joshua W. Carden
Joshua W. Carden
*Attorneys for Plaintiff*

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: s/Alexandra J. Gill (*with permission*)
L. Eric Dowell
Alexandra J. Gill
*Attorneys for Defendant Yelp Inc.*

| | |
|---|---|
| 1 | I certify that the content of this document is acceptable to all persons required to sign the document and that authorization to electronically sign this document has been obtained. |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | By: s/Joshua W. Carden |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

**CERTIFICATE OF SERVICE**

I certify that on the 2nd day of April, 2018, I electronically transmitted a PDF version of this document to the Office of the Clerk of the Court, using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants listed for this matter:

L. Eric Dowell
Alexandra J. Gill
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
*Attorneys for Defendant Yelp Inc.*

/s/Joshua W. Carden

33568189.1

12