Joshua W. Carden, SBN 021698
JOSHUA CARDEN LAW FIRM, P.C.
16427 North Scottsdale Road, Suite 410
Scottsdale, AZ 85254
joshua@cardenlawfirm.com
(480) 454-1100
(480) 454-1101 (Fax)
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Joseph Sorge,

Plaintiff,

v.

Yelp Inc.,

Defendant.

No. 2:17-cv-04518-SMM

**DECLARATION OF JOSEPH SORGE**

My name is Joseph Sorge. I am over the age of 18. I make the following declaration upon my own personal knowledge under penalty of perjury:

1.  After I started working for Yelp, I noticed that once we began soliciting sales, the "Razz Daddies" team (not my team) had selected the 50 Cent song "Straight to the Bank" as their "theme song."

2.  When a member of a team completed a sale, that team got to play its theme song very loudly over the loudspeakers.

3.  The Razz Daddies played their song between 10 to 15 times daily.

4.  Early in the song, "Straight to the Bank" contains the word "faggot" and the line "Homey you a bitch you got feminine ways/heard you got four lips and bleed for seven days"; these lines would be played every time the song was played.

5.  I am a straight white male, with women and homosexuals in my family and among my friends.  As a result, I find these lyrics outrageously offensive.

6.  I was extremely embarrassed to be working around women while this song was being played.



1

7.      Furthermore, the song lyrics themselves are not directed to a homosexual or to a woman, they are directed to a man ("homey") with a "wife on the futon" – these lyrics are clearly intended to insult an otherwise straight man – by calling him a faggot and accusing him of having a vagina and menstrual cycle rather than a penis.

8.      It played so many times that I learned the lyrics and probably did mouth some of them when the song was played.

9.      At one point, I copied the rapper's ridiculous laugh during the song as one way to cope with how much I hated the song.

10.     However, I never mouthed or sang the offensive lyrics

11.     I became so disgusted by the song that I occasionally recorded it.

12.     I recorded it with my phone once on June 14, 2016 at 8:35 a.m., once on June 15 at 11:58 a.m., and once on June 16 at 1:41 p.m.  A true and correct copy of these videos have been submitted to the Court and filed with the Clerk but not electronically filed.

13.     My phone date and time stamped the recordings, which is why I am able to be exact about the time and date.

14.     On June 16, after I recorded the song, I also complained directly to Matthew Susa my manager (who sat near me) that I found the song offensive because it demeaned homosexuals and women.

15.     His response to me was to say "it is company culture to play songs after a team sells to business owners" and that I should "get over it" or words to that effect.

16.     I reiterated that I still found the song offensive.

17.     Shortly thereafter on June 16, I attended the team-wide training event, which lasted nearly the rest of the afternoon.

18.     I sat near the back in a room with approximately 60 people.

19.     Matthew Susa was not present, but I saw Abby Kennedy near the front of the room.

20.     No note-taking was required.

21.     I had never met nor seen the presenter at the training.

22.     I was very frustrated with Susa's response to my complaint and I was exhausted



1  from having my ears assaulted multiple times a day that week by the offensive song.

2         23.     It is entirely possible that I did not appear in a "peak state" during the meeting.

3         24.     When I left that day after the training, I did not say anything to Mr. Meagher (or

4  anyone else) as alleged by Yelp.

5         25.     Earlier on June 16, I had received some additional training with Mr. Susa and Ms.

6  Kennedy.

7         26.     I had no problem with the training, and was doing my best to implement a lot of new

8  information and processes being thrown at me and the other sales people during the first week we

9  were permitted to actually make sales.

10         27.     During that same meeting Mr. Susa emphasized the importance of the personal

11  metrics document being filled out daily and I agreed to work on improving the time it took me to

12  complete the personal metrics document.

13         28.     I told Mr. Susa and Ms. Kennedy that I had previously believed based on discussions

14  with team members that the particular document requested was only required to be completed by

15  the end of each week (there were several things we had to update) and they corrected that

16  misunderstanding.

17         29.     Based on additional metrics that Yelp posted up on the large whiteboard for each

18  team (see Team Razz Daddies whiteboard photo attached hereto as Exhibit A) and the weekly

19  metric sheet and my discussions with my team members, I believed myself to be doing quite well

20  as a sales person within my team, and I shared that with Mr. Susa and Ms. Kennedy.

21         30.     Furthermore, based on my discussions with my other team members (most of whom

22  were new relatively to phone sales), I also informed Mr. Susa and Ms. Kennedy that I believed

23  myself to be more experienced that most of my other team members.

24         31.     At no time did Mr. Susa or Ms. Kennedy tell me I was a poor performer within my

25  team, or that I was being disciplined or in any trouble – they presented the meeting solely as

26  additional training. I was not disrespectful, and any laughing was in my belief that the meeting was

27  congenial

28         32.     I did not question Ms. Kennedy's presence at the meeting nor did I ask to not have



1   her there at future meetings as alleged by Yelp.

2       33.    On the morning of June 17, 2016, I was instructed to meet with Mr. Susa and an HR

3   Representative.

4       34.    In the meeting, I was told by Mr. Susa that I was being terminated.

5       35.    Mr. Susa claimed to have "seen" me acting disrespectfully and "not paying

6   attention" during the previous day's teamwide training event.

7       36.    I reminded Mr. Susa that he was not in attendance at that meeting.

8       37.    He backpedaled immediately and then changed his story to having "heard" this

9   about me from "someone" who was at the meeting.

10      38.    I proceeded to provide for him (and the HR rep) the substance of the meeting in

11   detail.

12      39.    I then looked at the HR rep and informed her that I believed I was actually being

13   terminated for reporting the offensive song to Mr. Susa on the previous day.  I also told her that

14   Mr. Susa used the F-word with great regularity when addressing me and my teammates.

15      40.    She looked uncomfortable at this new information but did not intervene to stop my

16   termination.

17      41.    I told them that I planned to take legal action for this termination and would be

18   posting the truth about what happened there on social media.  I did not threaten to post "negative

19   information."

20      42.    Mr. Susa also threw in an accusation that I had said something inappropriate to

21   someone in the lobby but provided no details.

22      43.    During the next twelve months, I missed approximately 8 weeks of work – it took

23   several months to be truly comfortable in a sales position again after my experience at Yelp.

24      44.    Yelp produced its harassment policy during discovery in this lawsuit; a true and

25   correct copy of which is attached as Exhibit B.

26      45.    Yelp produced its termination document for me during discovery in this lawsuit; a

27   true and correct copy of which is attached as Exhibit C.

28      46.    A true and correct copy of Yelp's Third Amended Disclosure Statement is attached



1   hereto as Exhibit D.

2       47.    A true and correct copy of Yelp's Responses to Plaintiff's First Request for

3   Admissions is attached hereto as Exhibit E.

4

5       Further Declarant sayeth not.

6

7   Dated: ___2/25/19___

8

9   _____

10  Joseph Sorge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



# EXHIBIT A



# Exhibit B

G.     **Policy Against Harassment, Discrimination and Retaliation**

We do not tolerate harassment or discrimination based on sex, including pregnancy, childbirth, breastfeeding or related medical conditions; race; religious creed; color; gender, gender identity or gender expression; national origin or ancestry; physical or mental disability; medical condition; marital or registered domestic partner status; age; genetic information; military or veteran status; sexual orientation; denial of family and medical care leave; or any other basis protected by federal, state or local law or ordinance or regulation.

We prohibit harassment, discrimination, and retaliation at all levels of the organization, and our policy extends to harassment of or by users, advertisers, vendors, independent contractors and other third parties involved in our operations.  It also extends to harassment based on the perception that someone has any of the characteristics listed above, or is associated with a person who has or is perceived as having any of those characteristics.

Prohibited harassment includes, but is not limited to, the following behavior:

- Threats and demands, whether explicit or implicit, to submit to sexual requests as a condition of continued employment, or to avoid some other loss and offers of employment benefits in return for sexual conduct;

- Verbal conduct such as epithets, derogatory jokes or comments, slurs or unwanted sexual advances, invitations or comments;

- Visual displays such as derogatory and/or sexually-oriented posters, photography, cartoons, drawings or gestures or similarly offensive emails, IM messages webpages, or other digital communications;

- Physical conduct including assault, unwanted touching, intentionally blocking normal movement or interfering with work because of sex, race or any other protected basis;

- Retaliation for reporting or threatening to report harassment.

***Complaint Procedure.***  If you believe you have witnessed or experienced unlawful harassment, discrimination or retaliation, it is your responsibility to report it to your manager, Human Resources or any department head.  Managers, in particular, who observe or have knowledge of conduct they believe could be harassing are required to report the conduct or situation to Human Resources.

***Investigation.***  Upon receipt of a complaint, Yelp will undertake a prompt, thorough and objective investigation into such report.  The investigation will be conducted by qualified personnel in good faith and with appropriate due process for relevant parties. While Yelp and the investigator will keep the details of the complaint and the investigation itself confidential to the extent possible, they cannot guarantee confidentiality as it may be necessary to reveal some aspects of the complaint to pursue a thorough investigation. Upon conclusion of the investigation, Yelp will provide a timely response regarding its findings to the individual who submitted the complaint. Yelp will also appropriately

document the receipt of the complaint, investigation, and findings to provide tracking and documentation of the process as well as to help ensure its timely resolution.

***Remedial Action.***   In the event Yelp determines that a violation of this policy has occurred, appropriate remedial will be taken. Any employee or independent contractor found to have violated this policy will be subject to appropriate disciplinary action, up to and including termination.

***No Retaliation.***   Yelp will not retaliate against anyone for protesting prohibited discrimination or harassment, reporting a complaint or assisting in an investigation process, and will not tolerate or permit retaliation by management, employees or co-workers.

***Other Resources.***   Finally, please be aware that the Federal Equal Employment Opportunity Commission, the California Department of Fair Employment and Housing, and other state fair employment agencies investigate and prosecute complaints of prohibited harassment, discrimination and retaliation in employment.   If you think you have been harassed or that you have been retaliated against for resisting or complaining, you may file a complaint with the appropriate agency.

**Yelp000081**

# Exhibit C



View Terminate Employee Event: Terminate:
Joseph Sorge (Terminated)

08:56 AM
10/10/2018
Page 1 of 1

Terminate: Joseph Sorge (Terminated)

For: Joseph Sorge (Terminated)

Overall Process: Terminate: Joseph Sorge (Terminated)

Overall Status: Successfully Completed

## Event Details

## Reason

Primary Reason

    Involuntary > Not a good Cultural Fit

Secondary Reasons

## Details

Termination Date

    06/17/2016

Last Day of Work

    06/17/2016

Pay Through Date

    06/17/2016

## Regrettable

Regrettable

**Yelp000082**

EXHIBIT D

L. Eric Dowell, SBN 011458
Alexandra J. Gill, SBN 027506
Ogletree, Deakins, Nash, Smoak & Stewart, P.C., SBN 00504800
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Telephone: (602) 778-3700
Fax: (602) 778-3750
Eric.Dowell@OgletreeDeakins.com
Alexandra.Gill@OgletreeDeakins.com

*Attorneys for Defendant Yelp Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Sorge, | No. 2:17-cv-04518-SMM |
| Plaintiff, | |
| vs. | **DEFENDANT YELP INC.'S THIRD SUPPLEMENTAL MANDATORY INITIAL DISCOVERY RESPONSES** |
| Yelp, Inc., | |
| Defendant. | |

Pursuant to General Order 17-08 and the Mandatory Initial Discovery Pilot Project, Defendant Yelp Inc. ("Defendant"), submits its Third Supplemental Mandatory Initial Discovery Responses.

**I.     Witnesses with Relevant, Discoverable Information**

Defendant discloses the following names and the addresses of the persons who are likely to have relevant, discoverable information about the claims and/or defenses in this matter. Defendant may or may not call the individuals listed below as witnesses at trial, and reserves the right to make that determination at a later time.

A.     Plaintiff Joseph Sorge ("Plaintiff"), c/o Joshua Carden, Joshua Carden Law Firm, P.C., 16427 North Scottsdale Road, Suite 410, Scottsdale, Arizona 85254. Defendant anticipates that Plaintiff will have knowledge and

information relevant to the allegations in his Complaint, and Defendant's defenses thereto, including his employment with Defendant, his job performance, his interactions with coworkers and supervisors, and his disclosure statements and discovery responses in this matter.

B.   Matthew Susa, c/o Eric Dowell, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 2415 East Camelback Road, Suite 800, Phoenix, Arizona 85016.  Mr. Susa was Plaintiff's manager, and Defendant anticipates that he will have knowledge and information relevant to the allegations in Plaintiff's Complaint, and Defendant's defenses thereto, including Plaintiff's job duties and responsibilities, his interactions with Plaintiff, Plaintiff's performance and employment, Plaintiff's interactions with coworkers and supervisors, and Plaintiff's termination.

C.   Abby Kennedy, c/o Eric Dowell, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 2415 East Camelback Road, Suite 800, Phoenix, Arizona 85016. Defendant anticipates that Ms. Kennedy will have knowledge and information relevant to the allegations in Plaintiff's Complaint, and Defendant's defenses thereto, including Plaintiff's job duties and responsibilities, her interactions with Plaintiff, Plaintiff's performance and employment, and Plaintiff's termination.

D.   Randall Meagher, c/o Eric Dowell, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 2415 East Camelback Road, Suite 800, Phoenix, Arizona 85016.  Mr. Meagher is the Facilities Coordinator for Defendant and Defendant anticipates that he will have knowledge and information relevant to the allegations in Plaintiff's Complaint, and Defendant's defenses thereto, including his interaction with Plaintiff and Plaintiff's statement on April 16, 2016.

E.   Amber Sutton, c/o Eric Dowell, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 2415 East Camelback Road, Suite 800, Phoenix, Arizona 85016.  Ms. Sutton is a Security Specialist for Defendant and Defendant anticipates that she will have knowledge and information relevant to the allegations in Plaintiff's Complaint, and Defendant's defenses thereto, including her interaction with Plaintiff and Plaintiff's statement on April 16, 2016.

F.   Heather Webb, c/o Eric Dowell, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 2415 East Camelback Road, Suite 800, Phoenix, Arizona 85016.  Ms. Webb is the Receptionist for Defendant and Defendant anticipates that she will have knowledge and information relevant to the allegations in Plaintiff's Complaint, and Defendant's defenses thereto, including her interaction with Plaintiff and Plaintiff's statement on April 16, 2016.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

G.   Nicole Berger, c/o Eric Dowell, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 2415 East Camelback Road, Suite 800, Phoenix, Arizona 85016. Defendant anticipates that Ms. Berger will have knowledge and information relevant to the allegations in Plaintiff's Complaint, and Defendant's defenses thereto, including Defendant's Human Resources policies and procedures, Plaintiff's job duties and responsibilities, her interactions with Plaintiff, and Plaintiff's termination.

H.   Katie Fleming, c/o Eric Dowell, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 2415 East Camelback Road, Suite 800, Phoenix, Arizona 85016. Defendant anticipates that Ms. Fleming will have knowledge and information relevant to the allegations in Plaintiff's Complaint, and Defendant's defenses thereto, including Defendant's Human Resources policies and procedures, Plaintiff's job duties and responsibilities, her interactions with Plaintiff, and Plaintiff's termination.

I.   Lucy Salazar, c/o Eric Dowell, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 2415 East Camelback Road, Suite 800, Phoenix, Arizona 85016. Defendant anticipates that Ms. Salazar will have knowledge and information relevant to the allegations in Plaintiff's Complaint, and Defendant's defenses thereto, including Defendant's Human Resources policies and procedures, Plaintiff's job duties and responsibilities, and Plaintiff's termination.

J.   Gordon Alkire, c/o Eric Dowell, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 2415 East Camelback Road, Suite 800, Phoenix, Arizona 85016. Mr. Alkire was a Physical Security Supervisor for Yelp. Defendant anticipates that he will have knowledge and information relevant to the allegations in Plaintiff's Complaint, and Defendant's defenses thereto, including Plaintiff's June 16, 2016 statement and the statements submitted by Randall Meagher, Amber Sutton, and heather Webb.

K.   Heyward McAlpin, c/o Eric Dowell, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 2415 East Camelback Road, Suite 800, Phoenix, Arizona 85016. Mr. McAlpin is the Sales Director at the Phoenix, Arizona location for Defendant and Defendant anticipates that he will have knowledge and information relevant to the allegations in Plaintiff's Complaint, and Defendant's defenses thereto, including his interaction with Plaintiff and Plaintiff's termination.

L.   Dylan Buzzard, c/o Eric Dowell, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 2415 East Camelback Road, Suite 800, Phoenix, Arizona 85016. Mr. Buzzard is a Sales Manager for Defendant. Defendant anticipates that he will have knowledge and information relevant to the allegations in Plaintiff's Complaint, and Defendant's defenses thereto, including Plaintiff's job duties and responsibilities and his interactions with Plaintiff.

M.   Jonel Kejee, c/o Eric Dowell, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 2415 East Camelback Road, Suite 800, Phoenix, Arizona 85016. Defendant anticipates that Ms. Kejee will have knowledge and information relevant to the allegations in Plaintiff's Complaint, and Defendant's defenses thereto, including Plaintiff's job duties and responsibilities and her interactions with Plaintiff.

N.   Hassan Aoufe, c/o Eric Dowell, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 2415 East Camelback Road, Suite 800, Phoenix, Arizona 85016. Defendant anticipates that Mr. Aoufe will have knowledge and information relevant to the allegations in Plaintiff's Complaint, and Defendant's defenses thereto, including Plaintiff's job duties and responsibilities and his interactions with Plaintiff.

O.   Larson Thacker c/o Eric Dowell, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 2415 East Camelback Road, Suite 800, Phoenix, Arizona 85016. Defendant anticipates that Mr. Thacker will have knowledge and information relevant to the allegations in Plaintiff's Complaint, and Defendant's defenses thereto, including the Razz Daddies team.

P.   Any custodian of records or other individual necessary to authenticate and establish foundation and admissibility of evidence.

Q.   All witnesses listed by Plaintiff.

## II.   Witnesses Who Have Provided Written or Recorded Statements

A.   Randall Meagher, c/o Eric Dowell, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 2415 East Camelback Road, Suite 800, Phoenix, Arizona 85016.  Mr. Meagher's statement is produced herewith (Yelp000041).

B.   Amber Sutton, c/o Eric Dowell, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 2415 East Camelback Road, Suite 800, Phoenix, Arizona 85016.  Ms. Sutton's statement is produced herewith (Yelp000039).

C.   Heather Webb, c/o Eric Dowell, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 2415 East Camelback Road, Suite 800, Phoenix, Arizona 85016.  Ms. Webb's statement is produced herewith (Yelp000040).

## III.   Relevant Documents

A.   Personnel File of Plaintiff (Yelp000001 – 43), previously produced via ShareFile FTP link on March 19, 2018 with Defendant's MIDP Responses.

B.   June 16, 2016 Video of Plaintiff (Yelp000044), previously produced via ShareFile FTP link on March 19, 2018 with Defendant's MIDP Responses.

Ogletree, Deakins, Nash,
Smoak & Stewart, P.C.
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

## V.     Calculation of Damages

Defendant is not seeking damages in this case.  However, Defendant may seek its attorneys' fees and costs as authorized under applicable law.

## VI.    Insurance or Other Agreement

Insurance policy underwritten by National Union.

DATED this 22nd day of January 2019.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.


By:  /s/ Alexandra J. Gill
     L. Eric Dowell
     Alexandra J. Gill
     2415 East Camelback Road, Suite 800
     Phoenix, Arizona 85016

     *Attorneys for Defendant Yelp Inc.*


## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of January 2019, I served the attached document by electronic and U.S. Mail on:

Joshua W. Carden
Joshua Carden Law Firm, P.C.
16427 North Scottsdale Road, Suite 410
Scottsdale, Arizona 85254
joshua@cardenlawfirm.com

*Attorneys for Plaintiff Joseph Sorge*


 /s/ Robin McAdams

36548353.1

9

# Exhibit E

1  L. Eric Dowell, SBN 011458
2  Alexandra J. Gill, SBN 027506
   Ogletree, Deakins, Nash, Smoak & Stewart, P.C., SBN 00504800
3  2415 East Camelback Road, Suite 800
   Phoenix, Arizona 85016
4  Telephone:  (602) 778-3700
5  Fax:  (602) 778-3750
   Eric.Dowell@OgletreeDeakins.com
6  Alexandra.Gill@OgletreeDeakins.com

7
   *Attorneys for Defendant Yelp Inc.*
8

9                 **UNITED STATES DISTRICT COURT**

10                    **DISTRICT OF ARIZONA**

11

12  Joseph Sorge,                    │  No. 2:17-cv-04518-JJT
                                     │
13                    Plaintiff,     │  **DEFENDANT YELP INC.'S RESPONSES TO**
                                     │  **PLAINTIFF'S FIRST REQUESTS FOR**
14  vs.                              │  **ADMISSIONS, FIRST SET OF**
                                     │  **INTERROGATORIES AND FIRST**
15  Yelp, Inc.,                      │  **REQUESTS FOR PRODUCTION**
                                     │
16                    Defendant.     │
17

18       Pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure, Defendant

19  Yelp Inc. ("Defendant"), by and through its undersigned counsel, respond to Plaintiff's

20  First Requests for Admissions, First Set of Interrogatories and First Requests for

21  Production as follows:

22                       **GENERAL OBJECTIONS**

23       Defendant hereby makes the following answers and objections to Plaintiff's First

24  Requests for Admissions, First Set of Interrogatories and First Requests for Production

25  solely for purposes of this action.   Each answer is subject to all objections as to

26  competence, relevance, materiality, propriety and admissibility, and any and all other

27  objections and grounds that would require the exclusion of any statement if any requests

28  for admission or interrogatories were asked of, or any statement contained herein were

*OGLETREE, DEAKINS, NASH*
*SMOAK & STEWART, P.C.*
*2415 EAST CAMELBACK ROAD, SUITE 800*
*PHOENIX, ARIZONA 85016*

1    made by a witness present and testifying in court, all of which objections and grounds are

2    reserved and may be interposed at the time of trial.

3        Additionally, the documents to be produced in response to these requests are

4    produced solely for the purpose of this action.  Each document is subject to all objections

5    as to competence, relevance, materiality, propriety, admissibility and any and all other

6    objections on any ground that would require the exclusion of any documents at the time of

7    trial.  These objections are expressly reserved and may be interposed at the time of trial.

8    Defendant has not fully completed its investigation of the facts relating to this case, has not

9    completed discovery, and has not completed its preparation for trial.  The documents that

10   will be produced are documents that presently are available and specifically located by

11   Defendant and its attorneys.  Defendant reserves the right to produce additional documents

12   that may be discovered subsequent to the service of these responses.

13       The following answers are based on information and documents presently available

14   to Defendant and, except for explicit facts submitted herein, no incidental or implied

15   admissions are intended hereby.  The fact that Defendant has answered or objected to any

16   discovery requests or part thereof should not be taken as an admission that Defendant

17   accepts or admits the existence of any fact set forth or assumed by such requests and that

18   such answer or objection constitutes admissible evidence.  The fact that Defendant has

19   answered part or all of any request is not intended and shall not be construed to be a waiver

20   by Defendant of all or any part of any objection to any request.

21       To the extent that any or all of the requests call for information or documents which

22   constitutes information or material prepared in anticipation of litigation or information or

23   material covered by the work-product doctrine or which constitutes information which is

24   privileged by virtue of the attorney-client privilege, Defendant objects to each and every

25   such request and thus will not supply or render any information or material protected from

26   discovery by the work-product doctrine and the attorney-client privilege.

27

28

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

## **REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**   Admit that you employ more than 500 employees.

**RESPONSE:**

The request is admitted.

**REQUEST FOR ADMISSION NO. 2:**   Admit that the word "faggot" is a "slur" as that word is used in Yelp's Policy Against Harassment, Discrimination and Retaliation produced as YELP00080-81.

**RESPONSE:**

Defendant object to this Request on the basis that it is vague and ambiguous. To the extent a response is required, the Request is denied.

**REQUEST FOR ADMISSION NO. 3:**   Admit that the word "faggot" is an "epithet" as that word is used in Yelp's Policy Against Harassment, Discrimination and Retaliation produced as YELP00080-81.

**RESPONSE:**

Defendant object to this Request on the basis that it is vague and ambiguous. To the extent a response is required, the Request is denied.

**REQUEST FOR ADMISSION NO. 4:**   Admit that the word "faggot" is "derogatory" as that word is used in Yelp's Policy Against Harassment, Discrimination and Retaliation produced as YELP00080-81.

**RESPONSE:**

Defendant object to this Request on the basis that it is vague and ambiguous. To the extent a response is required, the Request is denied.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

3

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

1  **REQUEST FOR ADMISSION NO. 5:**  Admit that Yelp's Policy Against Harassment,
2  Discrimination and Retaliation produced as YELP00080-81 would forbid the use of the
3  word "faggot" in the workplace.

4  **RESPONSE:**

5        Defendant object to this Request on the basis that it is vague and ambiguous. To the
6  extent a response is required, the Request is denied.

7

8  **REQUEST FOR ADMISSION NO. 6:**  Admit that Yelp's Policy Against Harassment,
9  Discrimination and Retaliation produced as YELP00080-81 would forbid sexualized
10  references to female genitalia and menstrual cycles in the workplace.

11  **RESPONSE:**

12        Defendant object to this Request on the basis that it is vague and ambiguous. To the
13  extent a response is required, the Request is denied.

14

15  **REQUEST FOR ADMISSION NO. 7:**  Admit that Yelp did not distribute a paper copy
16  of its Employee Handbook to Plaintiff.

17  **RESPONSE:**

18        The request is admitted.

19

20  **REQUEST FOR ADMISSION NO. 8:**  Admit that an employee of Yelp instructed
21  Plaintiff to review a digital version of its Employee Handbook "on his own."

22  **RESPONSE:**

23        Defendant object to this Request on the basis that it is vague and ambiguous. To the
24  extent a response is required, the Request is denied.

25

26  **REQUEST FOR ADMISSION NO. 9:**  Admit that Yelp's net revenue as reported to the
27  SEC for the year ending December 31, 2017 exceeded $800,000,000.00.

28

Supplemental Mandatory Initial Discovery Responses, Pretrial Disclosure Statement and any supplements thereto.


DATED this 19th day of November 2018.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.


By: _____
L. Eric Dowell
Alexandra J. Gill
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
*Attorneys for Defendant Yelp Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of November 2018, I served the attached document by electronic and U.S. Mail on:

Joshua W. Carden
Joshua Carden Law Firm, P.C.
16427 North Scottsdale Road, Suite 410
Scottsdale, Arizona 85254
joshua@cardenlawfirm.com

*Attorneys for Plaintiff Joseph Sorge*


Deborah Yanazzo

36397294.1

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

1

## **VERIFICATION**

2

On behalf of Defendant Yelp Inc., Lucy Salazar states that she has read the foregoing
3   Responses to Plaintiffs' First Requests for Admissions and Responses to Plaintiffs' First
Set of Interrogatories (collectively, "Responses") and knows the contents thereof; and that
4   she does not have personal knowledge of all the facts and information requested herein;
and that the Responses are based on and, therefore, necessarily limited by the records and
5   information still in existence, presently recollected, and thus far discovered in the course of
6   the preparation of these Responses; that the Responses are thus based upon her personal
knowledge, and that, subject to the limitations set forth above, the Responses are true to
7   the best of her knowledge, information, and belief.

8

I declare, and certify, under penalty of perjury, that the foregoing is true and correct.
9
Executed on this 19th day of November, 2018.
10

11

12

13

14

15

16

17

18                                                                                                    36410958.1

19

20

21

22

23

24

25

26

27

28

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
(602) 778-3700